UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEE R. DOROUGH,
R. LEE DOROUGH, P.A.,
          Plaintiffs,

-vs-                                            Case No. 6:05-cv-188-Orl-28KRS

GULF INSURANCE COMPANY,
          Defendant.
_____

## ORDER

This case is before the Court on Plaintiffs' Motion to Remand (Doc. 12). Defendant filed a response in opposition (Doc. 22) and a supplement to its response in opposition (Doc. 24). For the reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED**.

Plaintiffs filed a Complaint[1] against Defendant Gulf Insurance Company ("Gulf"), arising from Gulf's alleged failure to provide a defense to Plaintiffs on a malpractice lawsuit[2] under the Lawyers Professional Liability Insurance Policy issued by Gulf to Plaintiffs. Complaint ¶ 5, 9 & 14. Plaintiffs seek reasonable expenses and attorney's fees resulting from Gulf's refusal to defend and damages for loss of productive attorney time. Complaint

---

[1] This case was originally filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number 05-CA-124.

[2] The malpractice suite was Robert J. O'Bryan v. R. Lee Dorough, R. Lee Dorough, P.A. and Whittaker and Dorough, P.A., in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number CI-001-4721, which was ultimately dismissed. Complaint ¶ 9 & 25. O'Bryan also initiated a disciplinary proceeding with the Florida Bar against Plaintiff Dorough. Plaintiff Dorough was found not guilty of any form of professional misconduct. Complaint ¶ 10 & 16.

¶ 23 & 24. Plaintiffs further seek damages for "acute mental and emotional pain and suffering, inconvenience and embarrassment" from Gulf for allegedly divulging information without consent to the Florida Bar in conjunction with its investigation of the O'Bryan grievance. Complaint ¶ 13 & 27. Plaintiffs' Complaint pleads only that damages "exceed $15,000.00" exclusive of interest, costs and attorney's fees. Complaint ¶ 1.

Defendant removed this case on the basis of diversity jurisdiction alleging complete diversity among the parties and that the amount in controversy exceeds $75,000.00 exclusive of costs and interest. There is no dispute that complete diversity exists among the parties. In its Notice of Removal (Doc. 1) Defendant asserts that the professional liability policy it issued to Plaintiffs has liability limits of $500,000.00 each claim/$1,000,000.00 policy aggregate, therefore the amount in controversy has been met. In the Motion to Remand, Plaintiffs assert that Defendant has not met its burden to establish the amount in controversy because they are not suing for payment under the policy.

The removing party bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "Where...the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."

Id. A refusal by the Plaintiff to stipulate that his or her claim does not exceed $75,000.00, standing alone, does not satisfy the Defendant's burden. Id. at 1320.

Defendant's opposition memorandum advances three arguments. First, Defendant asserts that Plaintiffs' Motion to Remand should be denied for their failure to comply with Local Rule 3.01(g). Plaintiffs' motion contained no 3.01(g) certificate as is required by that rule. Seven days after filing their motion, Plaintiffs filed a Certificate of Compliance (Doc. 20) stating that counsel for Plaintiffs conferred with counsel for Defendant after the motion was filed, and the parties could not agree on a resolution. Defendant then filed its opposition memorandum, not a motion to strike. The issues have been briefed on the merits and although Plaintiffs did not properly comply with Local Rule 3.01(g), that is an insufficient reason to deny the Motion to Remand.

Defendant next asserts that the damages sought by Plaintiffs are contractual damages over and above the limits of the policy. However, Plaintiffs are not making a claim under the policy, but are seeking damages for Defendant's alleged failure to defend and alleged breach of fiduciary duty. The policy limits are not conclusive in determining the amount in controversy.

Finally, Defendant suggests that the Motion to Remand should be held in abeyance until Plaintiffs definitively respond to Defendant's Request for Admission regarding the damages sought. Since the filing of Defendant's opposition, Plaintiffs have replied to the Request for Admissions, but not to the satisfaction of Defendant[3]. Defendant filed a

---

[3] Plaintiff's Response to Defendant's Request for Admission is dated March 30, 2005. To date, Defendant has inexplicably not filed a motion to compel response.

supplement to its opposition (Doc. 24)[4] citing Plaintiffs' response to the Request for Admission[5] and asking the Court to deny Plaintiff's Motion to Remand or, in the alternative, to stay the case until Defendant's Amended Counterclaim for Declaratory Relief to determine coverage issues is resolved.

The Court declines to stay the case as requested by Defendant. For the reasons explained above, the Court does not find that Defendant met its burden to show that the amount in controversy has been met and that removal was proper. Accordingly, Plaintiffs' Motion to Remand is **GRANTED.**

Plaintiffs' Motion to Remand contains a request for an award of attorney's fees. That portion of Plaintiffs' Motion is hereby referred to the Magistrate Judge for consideration. Following resolution of that issue, the Clerk of Court is directed to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number 05-CA-124, and thereafter close the file.

---

[4] The Court notes that Defendant did not seek leave to file the supplemental opposition, in violation of Local Rule 3.01(b).

[5] "[P]laintiffs state that they cannot truthfully admit or deny the subject request as they are investigating the extent and nature of their damages and do not know at this time whether the amount in controversy exceeds the jurisdictional threshold." Response in Opposition ¶ 26, citing Plaintiffs' Response to Request for Admission.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida this ___20___ day of April, 2005.

                 _____
                  JOHN ANTOON II
                  United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party