**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEE R. DOROUGH,**
**R. LEE DOROUGH, P.A.,**

        **Plaintiffs,**

-vs-                                             **Case No. 6:05-cv-188-Orl-28KRS**

**GULF INSURANCE COMPANY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR AWARD OF REASONABLE ATTORNEYS FEES PURSUANT TO ORDER OF REMAND (Doc. No. 33)**
>
> **FILED:** April 28, 2005
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

By order dated April 20, 2005, the Honorable John Antoon, II, presiding district judge, remanded the present case to state court because Defendant Gulf Insurance Company ("Gulf") failed to present evidence that the amount in controversy was sufficient to support diversity jurisdiction. In his order of remand, Judge Antoon referred to me the question of whether attorneys' fees should be awarded under 28 U.S.C. § 1447(c). Doc. No. 31.

Plaintiffs R. Lee Dorough and R. Lee Dorough, P.A. (collectively, the Doroughs) filed a motion for award of reasonable attorneys' fees supported by the affidavit of Gary Vasquez, Esq. Doc. No. 33. Defendant Gulf Insurance Company ("Gulf") filed a response to the motion. Doc. No. 34.

The request for attorney's fees and costs is regulated by 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The award of attorney's fees and costs under this section is completely discretionary with the trial court." *Publix Supermarkets, Inc. v. United Foods*, 900 F. Supp. 419, 421 (M.D. Fla. 1995) (citing *IMCO USA, Inc. v. Title Ins. Co. of Minn.*, 729 F. Supp. 1322 (M.D. Fla. 1990)). Courts have declined to award attorneys' fees when the defendant acted reasonably based on the information available at the time of removal, but have awarded attorneys' fees when subject matter jurisdiction was patently lacking. *See, e.g., Cowan v. Combined Ins. Co.*, 67 F. Supp. 2d 1312, 1321 (M.D. Ala. 1999).

In their complaint, the Doroughs alleged only that the amount in controversy exceeded $15,000, which was the threshold allegation necessary to file the complaint in Florida Circuit Court. When the complaint seeks an unspecified amount of damages, the removing defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1986), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In this circuit, the Court may permit the parties to submit evidence other than the facts cited in the notice

of removal to establish that the amount in controversy at the time of removal was sufficient to support diversity jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). This is often accomplished through a motion to seek discovery limited to the issue of amount in controversy before the period that general discovery in the case may begin.

While Gulf failed in its burden of establishing the amount in controversy, it is not clear on the record before the Court that the actual amount in controversy does not exceed $75,000. Furthermore, the failure to establish the amount in controversy resulted, in part, from the Doroughs' failure to provide even a good faith estimate of the amount at issue in response to Gulf's informal and formal discovery requests. While some of the damages they seek might be difficult to estimate, the Doroughs should have known at the time Gulf made its discovery requests the amount of the attorneys' fees and costs that they expended in defense of the malpractice action, which attorneys' fees and costs they sought to have reimbursed under count one of the complaint.

Under these circumstances, I recommend that the Court deny the motion for an award of attorneys' fees under section 1447(c). The record does not clearly establish that damages will not exceed $75,000.00. Gulf's ability to prove the amount in controversy was stymied by the Doroughs refusal to give an estimate of the damages they seek, or to provide the actual costs of the defense of

the malpractice action, which form a part of the damages sought.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 28, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Should the Court determine that an award of attorneys' fees is appropriate, I recommend that the Doroughs be required to file a motion for assessment of attorneys' fees, supported by time sheets describing the work performed, evidence of the background and experience of each individual whose work is reflected in the time sheets, and evidence of the reasonable hourly rate actually paid by the clients. While the affidavit of expert witness Gary Vasquez provides some support for the request for an award of attorneys' fees, the record is currently insufficient for the Court to judge whether the hourly rates and hours worked are reasonable.